**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**DAWN M. JORDAN,**

    **Plaintiff,**

 **v.**            **01-CV-00914
                (GLS)**

**COMMISSIONER OF SOCIAL SECURITY,**
    **Defendant.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Office of Peter S. Palewski | PETER S. PALEWSKI, ESQ. |
| One Campbell Avenue | |
| New York Mills, NY 13417 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. GLENN T. SUDDABY | WILLIAM H. PEASE |
| United States Attorney | Assistant U.S. Attorney |
| PO Box 7198 | |
| 100 South Clinton Street | |
| Syracuse, NY 13261-7198 | |

**Gary L. Sharpe
U.S. District Judge**

## **DECISION AND ORDER**

### **I. INTRODUCTION**

Dawn Jordan challenges the denial of disability benefits by the Commissioner of Social Security. Jordan brings this action pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's final determination. Having reviewed the administrative record, the court affirms the Commissioner's decision.

### **II. CONTENTIONS**

Jordan contends that the Administrative Law Judge (ALJ) improperly 1) determined her RFC; 2) failed to credit her subjective complaints of pain; and 3) improperly applied the Vocational Medical Guidelines (Grids). The Commissioner counters that substantial evidence supports the ALJ's decision that Jordan was not disabled.

### **III. FACTS**

The evidence in this case is not in dispute, and the court incorporates the parties' factual recitations. *See Pl.'s Br., pp. 2-4, Dkt. No. 6; Def.'s Br., p. 2-16, Dkt. No. 10*.

## IV.  DISCUSSION

### A.  Standard and Scope of Review

A court's review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether substantial evidence supports the decision.  *Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ.  The ALJ's decision is subject to judicial review on appeal.  A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence.  *Johnson*, 817 F.2d at 986.  In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.  *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision.  42 U.S.C. § 405(g); *see Rivera v. Sullivan*, 923

F.2d 964, 967 (2d Cir. 1991).  "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  It must be "more than a mere scintilla" of evidence scattered throughout the administrative record.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990).  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams*, 859 F.2d at 258.  However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has authority to reverse with or without remand.  42 U.S.C. § 405(g).  Remand is appropriate where there are gaps in the record or further development of the evidence is needed.  *See Parker v. Harris*, 626

F.2d 225, 235 (2d Cir. 1980); *Cutler v. Weinberger*, 516 F.2d 1282, 1287 (2d Cir. 1975) (remand to permit claimant to produce further evidence). Reversal is appropriate, however, when there is "persuasive proof of disability" in the record and remand for further evidentiary development would not serve any purpose. *Parker*, 626 F.2d at 235; *Simmons v. United States R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of HHS*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years and remand would likely result in further lengthening the "painfully slow process" of determining disability).

## B. **Five-Step Disability Determination**

The definition of "disabled" is the same for purposes of receiving Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) benefits. To be considered disabled, a plaintiff seeking SSDI or SSI benefits must establish that she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

5

less than twelve months ...." 42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).[1]

The Commissioner uses a five-step process to evaluate SSDI and SSI claims. 20 C.F.R. §§ 404.1520, 416.920.[2] Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b). If a claimant is engaged in SGA, she will not be considered disabled. If the claimant is not engaged in SGA, Step Two requires the ALJ to determine whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from a severe impairment, Step Three

---

[1] In addition, a claimant's

> physical or mental impairment or impairments [must be] of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent her from engaging in any kind of substantial gainful work which exists in the national economy.

[2] The court notes that revised versions of these sections came into effect in September 2003. *See* 68 Fed. Reg. 51161, 51164 (Aug. 26, 2003). In the revised versions, paragraph (e) clarifies the application of the RFC determination. New paragraphs (f) and (g), with certain modifications, correspond to the prior versions' paragraphs (e) and (f), respectively. These revisions do not affect the Five-Step Disability Determination sequence. The revised versions have no effect on the outcome of this case. For considerations of uniformity, and because the ALJ's decision came under the old versions, the court retains the old nomenclature in its analysis.

6

requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 404.1520(d), 416.920(d).  If the impairment meets or equals a listed impairment, the claimant is presumptively disabled.  *Ferraris*, 728 F.2d at 584.  If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's Residual Functional Capacity (RFC) precludes the performance of her past relevant work.  20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Five, the ALJ determines whether the claimant can do any other work.  20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant has the burden of showing that she cannot perform past relevant work.  *Ferraris*, 728 F.2d at 584.  However, once the claimant meets that burden, benefits can only be denied by showing, with specific reference to medical evidence, that the claimant can perform some less demanding work.  *See White v. Sec'y of HHS*, 910 F.2d 64, 65 (2d Cir. 1990); *Ferraris*, 728 F.2d at 584.  In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills, to determine if the claimant can perform other work existing in the national economy.  20 C.F.R. §§ 404.1520(f), 416.920( f); *see New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

7

In this case, the ALJ found that Jordan satisfied Step One because she had not worked since September 1997. (Tr. 19). In Step Two, the ALJ determined that Jordan had "severe" impairments due to an aortic valve replacement, possible chronic obstructive pulmonary disease, and a history of a cerebrovascular accident. *Id.*[3] In Step Three, the ALJ determined that her impairments failed to equal an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulations No. 4. *Id.* In Step Four, the ALJ determined that Jordan did not have the RFC to perform her past relevant work as a registered nurse. (Tr. 20). In Step Five, the ALJ determined that Jordan possessed the RFC for light work but is limited to work that excluded excessive exposure to environmental irritants. *Id.* Consequently, he found that Jordan was not disabled and denied benefits.

## C.  RFC

Jordan contends that the ALJ made both mistakes of law and fact in determining her RFC. First, she argues that the ALJ only used facts in the record that supported a finding of not disabled and ignored facts that

---

[3] Cerebrovascular disease is any disorder of the blood vessels of the brain and its covering membranes. The term cerebrovascular accident is somtimes given to the clinical syndrome accompanying a sudden and severe attack, which leads to a stroke. THE BANTAM MEDICAL DICTIONARY 76 (Rev. Ed. 1990).

8

proved her disability. Second, she argues that the ALJ did not consider the severity of her impairments as required by step two of the evaluation process.

Regulations define RFC as "what [an individual] can still do despite [her] limitations." *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). At the review level relevant here, the responsibility of determining a claimant's RFC rests with the ALJ. 20 C.F.R. §§ 404.1546, 416.946. An ALJ's RFC assessment is a medical determination that must be based on probative medical evidence in the record. *See Gray v. Chater*, 903 F. Supp. 293, 301 (N.D.N.Y. 1995) (citation omitted). Moreover, an ALJ may not substitute his judgment for that of a competent medical physician. *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (citation omitted).

Furthermore, the opinion of a treating physician is given controlling weight if it is based upon well-supported, medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998). If the treating physician's opinion is not given "controlling weight," the ALJ must assess several factors to determine how much weight to afford the opinion. The factors

9

are: the length of the treatment relationship, the frequency of examination by the treating physician for the condition(s) in question, the medical evidence supporting the opinion, the consistency of the opinion with the record as a whole, the qualifications of the treating physician, and other factors tending to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

Moreover, the "ultimate finding of whether a claimant is disabled and cannot work is 'reserved to the Commissioner.'" *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citation omitted). "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions." *Id.* Thus, a treating physician's disability assessment is not determinative. *Id.* Furthermore, where the evidence of record includes medical source opinions that are inconsistent with other evidence or are internally inconsistent, the ALJ must weigh all of the evidence and make a disability determination based on the totality of that evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Here, Jordan contends that the ALJ incorrectly determined that she was capable of performing light work. Specifically, she contends that the ALJ mischaracterized the record by only considering evidence harmful to

10

her claim. These contentions are without merit. The ALJ's RFC determination is supported by the disability assessment completed by Jordan's treating cardiologist, Dr. Sidney Blatt, in September 1999. (Tr. 17). Dr. Blatt opined that Jordan was capable of a wide range of light work. (Tr. 453-458). Although another doctor also found that Jordan was capable of a more limited range of light work (Tr. 447-451), Dr. Blatt's opinion was properly given controlling weight due to his long term treating relationship with Jordan. (Tr. 17). Accordingly, the ALJ's decision was based on substantial evidence.

**D.     Subjective Complaints of Pain**

Jordan contends that the ALJ failed to take her claims of disabling pain into account. She also disputes the ALJ's finding that her allegations of pain were not fully credible.

The Commissioner is obligated to evaluate all of a claimant's symptoms, including pain, and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529(a), 416.929(a). The ALJ must perform a two-step analysis. *See* 20 C.F.R. §§ 404.1529, 416.929; *see also Crouch v. Comm'r, Soc. Sec. Admin.*, 6:01-CV-0899, 2003 WL

11

22145644, at *10 (N.D.N.Y. Sept. 11, 2003) (citation omitted). First, based upon the objective medical evidence, the ALJ must determine whether the impairments "could reasonably be expected to produce the pain or other symptoms alleged ...." 20 C.F.R. §§ 404.1529(a), 416.929(a); *see Crouch*, 2003 WL 22145644, at *10. "Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which it limits the claimant's capacity to work." *Crouch*, 2003 WL 22145644, at *10 (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)).

Furthermore, a plaintiff may suffer some degree of pain as a result of a condition. However, some pain does not automatically translate into disabling pain. *See Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983) ("disability requires more than mere inability to work without pain"). Moreover, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability." *See* 42 U.S.C. § 423(d)(5)(A).

Where the alleged symptoms suggest that the impairment is greater than demonstrated by objective medical evidence, the ALJ will consider

12

other factors. These factors include daily activities, the location, duration, frequency and intensity of symptoms, the type, effectiveness and side effects of medication, and other treatment or measures to relieve those symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); Social Security Ruling (SSR) 96-7p. "The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p.

Therefore, "[a]n [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must [do so explicitly and] set forth his or her reasons with sufficient specificity to enable [the courts] to decide whether the determination is supported by substantial evidence." *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks, citation omitted); *see Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987). The pain must be properly evaluated, considering the applicant's credibility and motivation as well as the medical evidence of impairment to reach an independent judgment concerning the true extent of the alleged pain, and the degree to which it hampers the applicant's ability to engage in substantial gainful employment. *See Marcus v.*

13

*Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

Here, Jordan contends that her pain reached a disabling level and that the ALJ improperly discredited her allegations. This contention is without merit. The ALJ's decision is based on substantial evidence because her daily activities belied her claim of disability. (Tr. 17). For example, Jordan stated that she is able to drive, shop with assistance, cook, dust, and vacuum. She also indicated that she could mop floors, do laundry and other light house work. *Id.* Accordingly, the ALJ's decision is based on substantial evidence.

E.  **Vocational Medical Guidelines (Grids)**

Jordan also contends that the ALJ improperly used the Grids to reach a finding of disability. Specifically, she contends that given her non-exertional limitations, the ALJ should not have applied the Grids.

The Grids, set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 2, take into account a claimant's RFC, age, education, and work experience. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(a); 20 C.F.R. § 404.1569a(a); *Rosa*, 168 F.3d at 78. "'Generally...if a claimant suffers only from exertional impairments, *e.g.,* strength limitations, then the Commissioner

14

may satisfy her burden by resorting to the applicable grids.  For a claimant whose characteristics match the criteria of a particular grid rule, the rule directs a conclusion as to whether he is disabled.'"  *Rosa*, 168 F.3d at 82 (citation omitted); *see also Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986).

Whether the grids apply is to be determined on a case-by-case basis. *Pratts v. Chater*, 94 F.3d 34 (2d Cir. 1996)(citing *Bapp*, 802 F.2d at 605-06).  Sole reliance on the grids is improper if a claimant suffers from both exertional and non-exertional impairments.  *See Pratts*, 94 F.3d at 38-39; *Bapp*, 802 F.2d at 605-06.  Where the claimant's non-exertional impairments "significantly diminish" the range of work allowed by his exertional impairments, the grids alone do not "provide the exclusive framework for making a disability determination."  *Bapp*, 802 F.2d at 605-06.  To "significantly diminish" the claimant's range of work, a non-exertional impairment must cause an "additional loss of work capacity beyond a negligible one or, in other words, one that so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity."  *Id.* at 606; *see Pratts*, 94 F.3d at 39.

Here, Jordan contends that due to her multiple impairments, the ALJ

15

should not have applied the Grids to her case.  However, the ALJ did not mechanically plug Jordan's exertional limitations into a formulaic grid.  The ALJ cited Rule 202.21 in his decision as a "framework" for reaching his decision.  (Tr. 18).  The record shows that the ALJ considered other factors such as Jordan's age, education, work history, and physical functional capacity.  *Id.*  Thus, the Grids were not the sole means of analysis used by the ALJ, because he also based his decision on the opinion of her treating physician that she was capable of light duty work.  (Tr. 17).  Accordingly, the ALJ decision is based on substantial evidence.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED,** that the decision denying benefits is **AFFIRMED**; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Order upon the parties.

**IT IS SO ORDERED.**

November 18, 2005
Albany, New York

Gary L. Sharpe
U.S. District Judge

16